UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD N. BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:16-cv-02488-RLY-DML |
| | ) | |
| JASON HENDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Richard N. Bell, brought this suit against Defendant, Jason Henderson, in his individual capacity, for copyright infringement and unfair competition. Bell alleges that Henderson, who serves as the Director of Extension at Purdue University, allowed his copyrighted photo to be published without authorization on Purdue's website. He seeks both monetary damages and injunctive relief. Henderson now moves to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) because the court lacks subject matter jurisdiction. The court holds that the Eleventh Amendment bars this action, and therefore **GRANTS** Henderson's motion.

**I. Background**

In 2000, Bell took a photograph of the skyline in downtown Indianapolis. (Filing No. 31, Second Amended Complaint ("SAC") ¶¶ 1, 7). He subsequently registered the photo with the U.S. Copyright Office, and licensed it for publication. (*Id.* ¶¶ 1, 9, 11). In 2016, Bell discovered that his photo had been published, without authorization, in a presentation entitled "Keeping Cattle in the Books." (*Id.* ¶ 1). The source of the

presentation purports to be "Purdue University Cooperative Extension Service." (Filing No. 1-2, Presentation).

In September 2016, Bell initiated this lawsuit, alleging copyright infringement and unfair competition. (*See* Filing No. 1, Complaint). In the original Complaint, Bell named Purdue University as the only defendant. One month later, he filed his Amended Complaint with leave of court. The Amended Complaint named Mitch Daniels, President of Purdue University, as the only defendant. (Filing No. 14, First Amended Complaint). Daniels moved to dismiss on several grounds, including that the suit was barred by the Eleventh Amendment. Daniels argued, "The First Amended Complaint . . . obviously remains an attempt to sue the university." (Filing No. 19 at 1).

In April 2017, Bell filed his Second Amended Complaint with leave of court. The SAC names Henderson, "the Director of the Purdue Extension at Purdue University," as the only defendant. (SAC ¶ 6). In the SAC, Bell alleges that Henderson "permitted employees of the Purdue Extension to publish the 'Indianapolis Photo' in advertising which appears on a website owned by Purdue University" despite the fact that he "and his subordinates knew they had no rights or authority to publish the Indianapolis Photo." (*Id.* ¶ 1). Henderson "did not direct the employees of the Purdue Extension to disclose the source of the stolen Indianapolis Photo." (*Id.* ¶ 19). Rather, he "permitted employees of the Purdue Extension to willfully and recklessly claim that Purdue University owned the copyrights of all images and photos contained on the website." (*Id.*). Furthermore, Henderson "did not direct the Purdue University or the Purdue Extension to pay anyone for the right to publish the Indianapolis Photo." (*Id.* ¶ 23).

## II. Legal Standard

Henderson moves to dismiss the SAC for lack of subject matter jurisdiction, failure to state a claim, and failure to join a party. The court need only consider the first ground though. Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal for lack of subject matter jurisdiction. "Motions to dismiss under Rule 12(b)(1) are meant to test the sufficiency of the complaint, not to decide the merits of the case." *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). After a defendant alleges that jurisdiction is lacking, it is the plaintiff who "bears the burden of establishing that the jurisdictional requirements have been met." *Id.* at 588-89. For purposes of Henderson's motion, the court accepts Bell's well-pleaded factual allegations as true and construes all reasonable inferences in his favor. *Id.* at 588.

## III. Discussion

"[T]he Eleventh Amendment guarantees that 'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'" *Bd. of Regents of the Univ. of Wis. Sys. v. Phx. Int'l Software, Inc.*, 653 F.3d 448, 457 (7th Cir. 2011) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). This protection extends beyond just the state itself though. "If properly raised, the amendment bars actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010) (en banc). There are three exceptions to this jurisdictional bar, *id.* at 371, but only one is relevant here: the *Ex Parte Young* doctrine. *See Ex Parte Young*, 209 U.S. 123 (1908). Pursuant to the Supreme Court's holding in

3

*Ex Parte Young*, "a private party can sue a state officer in his or her official capacity to enjoin prospective action that would violate federal law." *Dean Foods Co. v. Brancel*, 187 F.3d 609, 613 (7th Cir. 1999).

Initially, the court notes that Purdue University is an "arm of the state," and is therefore shielded by the Eleventh Amendment. *Kashani v. Purdue Univ.*, 813 F.2d 843, 844 (7th Cir. 1987). Accordingly, "all claims against Purdue" and any "damages claims against its officials in their official capacities" are barred as a matter of law. *Id.* at 848. Bell hopes to avoid this bar. To this end, he explicitly states that he is suing Henderson in his individual capacity, not as an officer or employee of Purdue. He cites to *Ameritech Corp. v. McCann*, 297 F.3d 582, 586 (7th Cir. 2002) for the proposition that "individual capacity suits do not implicate the Eleventh Amendment's protections." But Henderson challenges this claim. He asserts that the SAC "obviously remains an attempt to sue Purdue University," (Filing No. 39 at 2), and that Bell has engaged in clever pleading in hopes of end-running the Eleventh Amendment.

As the Supreme Court recently explained,

> [I]n the context of lawsuits against state and federal employees or entities, courts should look to whether the sovereign is the real party in interest to determine whether sovereign immunity bars the suit. In making this assessment, courts may not simply rely on the characterization of the parties in the complaint, but rather must determine in the first instance whether the remedy sought is truly against the sovereign. If, for example, an action is in essence against a State even if the State is not a named party, then the State is the real party in interest and is entitled to invoke the Eleventh Amendment's protection. . . .
>
> In an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself. This is why, when officials sued in their official capacities leave office, their

4

> successors automatically assume their role in the litigation. The real party in interest is the government entity, not the named official. Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law. Officers sued in their personal capacity come to court as individuals, and the real party in interest is the individual, not the sovereign.

*Lewis v. Clarke*, 137 S. Ct. 1285, 1291-92 (2017) (citations, quotation marks, and brackets omitted).

Here, the court has little trouble concluding that Purdue University (and therefore the state of Indiana) is the real party in interest. Indeed, Bell initially filed this suit against Purdue. He subsequently substituted its President, and then Henderson, for Purdue. This conspicuous chain of events certainly suggests that Bell is trying to find a way to lawfully sue Purdue. Moreover, the SAC against Henderson is essentially a copy of the original Complaint against Purdue, except that Bell replaced "PURDUE" with "HENDERSON," and added references to "employees" and "subordinates." The SAC repeatedly frames its allegations against Henderson in terms of his authority over Purdue employees. Additionally, the sole cause of action against Henderson arises out of a copyrighted photo that appears on a website *owned by Purdue*.

The relief Bell seeks is only nominally against Henderson; it is in fact against Purdue. For example, in the SAC, Bell demands that Henderson account for any profits derived from his infringing conduct. Yet, if the lawsuit is truly against Henderson in his individual capacity, this makes little sense. The court fails to understand how Henderson could have personally profited from distributing the "Keeping Cattle in the Books" presentation. It is theoretically possible that Purdue profited from this presentation

5

though. Furthermore, Bell asks that the court enjoin Henderson to remove the photo from ag.purdue.edu/extension. But again, the website is owned by Purdue. It is not Henderson's personal website.

Accordingly, the Eleventh Amendment bar applies here. This means that any claim for monetary damages is barred. If that was the only form of relief Bell prayed for in his SAC, this finding would dispose of the entire case. But Bell also seeks injunctive relief–specifically, he wants Purdue to cease publishing his copyrighted material without consent. This is properly characterized as prospective injunctive relief against an arm of the state, which would be permitted under *Ex Parte Young* if Bell was suing Henderson in his *official* capacity. *Kashani*, 813 F.2d at 848. It is not, however, available in an individual-capacity suit. Of course, Bell may no longer be interested in continuing this litigation now that monetary damages are off the table. But if he does wish to pursue injunctive relief, he should be given that opportunity.

## IV. Conclusion

Therefore, Henderson's Motion to Dismiss (Filing No. 38) is **GRANTED**. This court lacks subject matter jurisdiction over the Second Amended Complaint. If Bell wants to move forward with a claim against Henderson in his official capacity claim for prospective injunctive relief, he may amend his Complaint to reflect this. If he does not file a Third Amended Complaint within fourteen days of this Entry, this case shall be

dismissed for want of jurisdiction. Final Judgment will then issue accordingly.


**SO ORDERED** this 17th day of July 2017.

                                              RICHARD L. YOUNG, JUDGE
                                              United States District Court
                                              Southern District of Indiana


Distributed Electronically to Registered Counsel of Record.